IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50914
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FRANCISCO JAIMES-ARROYO,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. DR-96-CR-134-ALL
- - - - - - - - - - -
June 30, 1998
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Francisco Jaimes-Arroyo appeals his conviction for conspiracy to enter a false claim to United States citizenship, in violation of 18 U.S.C. § 371. Jaimes has failed to establish that the evidence, when viewed in the light most favorable to the Government, was insufficient to support his conviction. See United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982) (en banc), aff'd on other grounds, 462 U.S. 356 (1983); see also United States v. Henry, 604 F.2d 908, 916 (5th Cir.

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1979)(presentation of a false birth certificate by an alien as evidence of asserted citizenship constitutes a violation of 18 U.S.C. § 911); United States v. Harrell, 894 F.2d 120, 126-27 (5th Cir. 1990)(Government need not negate possibility of naturalization to establish lack of United States citizenship).

The district court did not abuse its discretion in denying Jaimes' discovery request and his motion for a continuance in order to subpoena a witness who was outside of the United States. See United States v. Rodriguez, 15 F.3d 408, 411 (5th Cir. 1994). The same is true of the testimony Jaimes sought to elicit on cross-examination of Agent Trevino. See United States v. Duncan, 919 F.2d 981, 988 (5th Cir. 1990); United States v. Gordon, 780 F.2d 1165, 1175-76 (5th Cir. 1986).

AFFIRMED.